IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JUSTIN D. PICKENS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 2:22-CV-670-MHT-SMD |
| ) | (WO) |
| MOBILE COUNTY METRO JAIL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Plaintiff Justin D. Pickens, an inmate at the Mobile County Metro Jail, filed this complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. Doc. 1. Pickens names as defendants the Mobile County Metro Jail and the Mobile County D.A. He seeks to challenge matters associated with conditions at the Mobile County Metro Jail, including overcrowding, failed security—which he says led to his stabbing by another inmate—and inadequate medical care he says he received after he was stabbed. Doc. 1 at 3, 5–6. Pickens also alleges that jail staff deprived him of equal protection and that the Mobile County D.A. coerced him into making incriminating statements, apparently related to the stabbing incident. *Id*. Upon review, the Court finds this case should be transferred to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the complaint, Pickens did not submit the filing and administrative fees, nor did he file a motion in support of a request for leave to proceed *in forma pauperis*. The assessment and

## II.   DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses,  in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . ." 28 U.S.C. § 1404(a). The actions described in Pickens's complaint occurred or are occurring in Mobile County, which is located in the Southern District of Alabama. Pickens identifies no defendants who reside in the Middle District of Alabama, describes no events or omissions giving rise to his claims that occurred in this district, and identifies no other basis for proper venue here. Therefore, under 28 U.S.C. § 1391(b), the proper venue for this action is the Southern District of Alabama, and this action is due to be transferred under 28 U.S.C. § 1404(a).[2]

---

collection of any filing fees, however, should be undertaken by the United States District Court for the Southern District of Alabama.

[2]In transferring this case, the court makes no determination with respect to the merits of the claims presented in the complaint.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further

ORDERED that the parties shall file any objections to this Recommendation by **December 2, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 18th day of November, 2022.

/s/  Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE